UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00785-TWP-DKL |
| ) | |
| CAMERON TAYLOR, and ) | |
| TAYLOR COMPUTER SOLUTIONS, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed by Defendants Cameron Taylor ("Mr. Taylor") and Taylor Computer Solutions (collectively, "Defendants") (Filing No. 16). Based on the doctrine of *res judicata*, the Defendants seek to dismiss this copyright infringement and conversion action filed by Plaintiff Richard N. Bell ("Mr. Bell"). The Defendants assert that Mr. Bell already has litigated and lost the claims that he is bringing in this action. For the reasons set forth below, the Defendants' Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

On June 7, 2011, Mr. Bell filed a complaint in this Court, asserting claims for copyright infringement and conversion against twenty-two defendants, including Mr. Taylor and Taylor Computer Solutions. That complaint, filed under case number 1:11-cv-0766-TWP-DKL, alleged that Mr. Taylor, Taylor Computer Solutions, and the other defendants used without license Mr. Bell's copyrighted work, a photograph of the Indianapolis skyline during the daytime ("the Indianapolis Photo"), on their respective business websites. Mr. Bell initiated that lawsuit because the defendants did not have a license to use the Indianapolis Photo on their websites.

In case number 1:11-cv-0766-TWP-DKL, Mr. Bell sought and was granted leave to amend his complaint multiple times. On December 6, 2012, Mr. Bell's Third Amended Complaint became the operative pleading in the case. The Third Amended Complaint still asserted copyright infringement and conversion claims involving the Indianapolis Photo. On May 14, 2013, the Court held a pretrial conference with the parties and discussed the case management deadlines and the prospect of severing misjoined defendants. The Court determined that severance was appropriate, and Mr. Bell's case against Mr. Taylor and Taylor Computer Solutions was severed and assigned a new case number—1:13-cv-0798-TWP-DKL. The Third Amended Complaint remained the operative pleading in the new case.

Arising out of the May 14, 2013 pretrial conference, the Court established case management deadlines to direct the litigation. The deadline to amend the pleadings was set for July 15, 2013. Eight months after the deadline, on March 12, 2014, Mr. Bell filed a motion for leave to file a fourth amended complaint to include allegations of copyright infringement and conversion involving a different photograph, a photograph of the Indianapolis skyline taken at nighttime ("the Nighttime Photo") by Mr. Bell from the same location as the Indianapolis Photo. Mr. Bell asserted that Mr. Taylor and Taylor Computer Solutions infringed his copyright of the Nighttime Photo and that he did not know at an earlier time that Mr. Taylor and Taylor Computer Solutions were using the Nighttime Photo without permission.

A few weeks later, on April 7, 2014, Mr. Bell initiated a second lawsuit, again asserting claims for copyright infringement and conversion involving both the Indianapolis Photo and the Nighttime Photo, which claims were identical to the claims asserted in the proposed fourth amended complaint in the first action. This second action was assigned case number 1:14-cv-00525-TWP-DKL, and it included seventeen defendants, including Mr. Taylor and Taylor

Computer Solutions. Like in the first case, the Court severed the misjoined defendants, resulting in this copyright case involving Mr. Bell, Mr. Taylor, and Taylor Computer Solutions with the new case number 1:14-cv-00785-TWP-DKL.

When Mr. Bell filed his motion for leave to file a fourth amended complaint in the first lawsuit on March 12, 2014 (eight months after the deadline), he alleged that he did not know at an earlier time that Mr. Taylor and Taylor Computer Solutions were infringing his copyright of the Nighttime Photo. However, before the pretrial conference was ever held, Mr. Taylor included the Nighttime Photo in his discovery responses on April 19, 2013—which Mr. Bell acknowledged receiving—giving Mr. Bell ample time before expiration of the deadline to amend his complaint to include the Nighttime Photo in the first action against Mr. Taylor and Taylor Computer Solutions. Additionally, Mr. Taylor has since presented evidence—an email exchange between Mr. Bell and Mr. Taylor—showing that Mr. Bell knew about the use of the Nighttime Photo as early as April 13, 2011.

On May 2, 2014, Mr. Taylor and Taylor Computer Solutions moved for summary judgment on Mr. Bell's Third Amended Complaint in the first action. They moved for summary judgment on the conversion claim on the basis that it was pre-empted by the Copyright Act and on the copyright infringement claim on the basis that there was no evidence that Mr. Taylor used the Indianapolis Photo. On August 26, 2014, the Court granted the motion for summary judgment and dismissed Mr. Bell's action with prejudice. Two months earlier, on June 11, 2014, the Court denied Mr. Bell's motion to file a fourth amended complaint because he was not diligent in pursuing his claim involving the Nighttime Photo and caused an undue delay.

Now pending in this Court is the Defendants' Motion to Dismiss Mr. Bell's action, which asserts claims that are identical to the claims that were asserted in the first action in the proposed

fourth amended complaint. The claims in this case also include the same claims involving the Indianapolis Photo, which were dismissed with prejudice on summary judgment in the first action.

## II. LEGAL STANDARD

When reviewing a motion to dismiss, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

The doctrine of *res judicata*, also known as claim preclusion, bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997); *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 334 (7th Cir. 1992). *Res judicata* bars relitigation of not only those claims actually litigated in a former suit but also any other claims that could have been litigated in the former suit. *Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 779 (7th Cir. 1994). The Seventh Circuit explained that "two claims are one for purposes of res judicata if they are based

on the same, or nearly the same, factual allegations." *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993).

### III.  DISCUSSION

In their Motion to Dismiss, Defendants, relying on the doctrine of *res judicata*, explain that Mr. Bell's present claims for copyright infringement and conversion were improperly filed and should be dismissed because the claims have been previously litigated to a final judgment on the merits.  Defendants assert that this Court's August 26, 2014, Entry of Summary Judgment and Final Judgment in favor of the Defendants and against Mr. Bell in case number 1:13-cv-0798-TWP-DKL is a final judgment on the merits of all copyright infringement claims Mr. Bell may have against the Defendants.  In addition to the two claims actually asserted involving the Indianapolis Photo, the Defendants assert that final adjudication also should include all claims Mr. Bell could have brought in the first action.  Specifically, the Defendants seek dismissal of the Indianapolis Photo claims and also the Nighttime Photo claims, which Mr. Bell could have asserted in any of his three amended complaints in the first action and for which this Court denied leave to amend a fourth time after the amendment deadline had passed.

Mr. Bell argues that *res judicata* does not apply to this case because this case and his earlier case involve different infringements of different photographs, and thus, there is no "identity of the causes of action."  However, the Court is not persuaded by Mr. Bell's characterization of his two actions.  While the Complaint in this case includes allegations regarding the Nighttime Photo and the pleadings in the first case did not, the Nighttime Photo allegations could have, and more importantly, should have been asserted in the first case.

Upon review of the three requirements of *res judicata* in the context of this case and Mr. Bell's first case, it is clear that *res judicata* does apply to this case to bar the claims asserted by

Mr. Bell against the Defendants. First, the identity of the parties is identical in both actions: Mr. Bell brought claims against Mr. Taylor and Taylor Computer Solutions. Second, there was a final judgment on the merits in the first case: this Court granted summary judgment in favor of the Defendants and dismissed Mr. Bell's case with prejudice. Third, the identity of the causes of action is the same: both cases bring claims for copyright infringement and conversion of Mr. Bell's photographs based on the Defendants' unauthorized use of the photographs on their website. Eight months after the deadline to amend the pleadings, Mr. Bell unsuccessfully tried to amend his complaint a fourth time to explicitly allege the Nighttime Photo even though he knew years earlier that the Nighttime Photo was at issue and should have been included in his complaint. The claims in each of Mr. Bell's actions are "based on the same, or nearly the same, factual allegations." *Roboserve*, 121 F.3d at 1034. Mr. Bell acknowledged this fact when he wrote to counsel for the Defendants, "[s]ince the Complaint in Cause Number 1:14-cv-525 is the same as my proposed amended complaint in Cause Number 1:11-cv-798 . . . ." ([Filing No. 17-1](#).)

When Mr. Bell requested leave to amend his complaint a fourth time in the first action, he alleged that he merely committed a scrivener's error when he pleaded the Indianapolis Photo instead of the Nighttime Photo in his four previous complaints. However, the Court determined that Mr. Bell's "error" was not a simple scrivener's error but rather a substantive "error" that could have and should have been addressed previously. It is clear that the claims actually litigated and that could have been litigated in the first action are identical to the claims now being asserted by Mr. Bell in this action.

Mr. Bell also relies on *Petrella v. MGM*, 134 S. Ct. 1962 (U.S. 2014), in his opposition to the Defendants' Motion to Dismiss. The *Petrella* opinion discusses the three-year statute of limitations for copyright infringement actions, set by 17 U.S.C. § 507(b), and the equitable defense

of laches. In that case, the plaintiff filed copyright infringement claims within the three-year period, but the lower courts granted summary judgment to the defendant on the basis of the equitable defense of laches. The Supreme Court held that laches cannot bar a timely filed copyright infringement action. Quoting the *Petrella* opinion, Mr. Bell asserts that "courts are not at liberty to jettison Congress' judgment on the timeliness of suit." (Filing No. 19 at 3 (quoting *Petrella*, 134 S. Ct. at 1967)).

However, the *Petrella* opinion is not applicable here because this case and the issue presented in the Motion to Dismiss have nothing to do with the timeliness of filing a copyright action. Defendants are not asking the Court to cut short the statute of limitations. Rather, Defendants are seeking dismissal of this second action because these same claims between the same parties have been litigated previously, resulting in a final judgment on the merits. *Res judicata* applies here, not laches or the holding in *Petrella*. Further, *res judicata* compels the dismissal of this action with prejudice.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion to Dismiss (Filing No. 16), and Mr. Bell's action is **dismissed with prejudice**. In their Motion to Dismiss, the Defendants request an award of attorney's fees and costs. The prevailing party in a copyright infringement action may recover costs and attorney's fees under 17 U.S.C. § 505. The Defendants are directed to file an accounting of their costs and attorney's fees within fourteen (14) days of the date of this Order. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 6/12/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com