**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| RICHARD N. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00785-TWP-DKL |
| ) | |
| CAMERON TAYLOR and ) | |
| TAYLOR COMPUTER SOLUTIONS, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND**
**COURT'S ORDER ON MOTION TO DISMISS**

This matter is before the Court on Plaintiff Richard N. Bell's ("Bell") Motion to Alter or Amend Court's Order on Motion to Dismiss of June 12, 2015 ("Motion to Amend Judgment") ([Filing No. 31](#)).  This is the second lawsuit initiated by Bell against Defendants, Cameron Taylor and Taylor Computer Solutions (collectively, the "Taylor Defendants") asserting claims for federal copyright, federal unfair competition, and state theft claims for the commercial use of photographs taken by Bell without his permission, without proper attribution, and without paying for the use. The Taylor Defendants filed a motion to dismiss this action based on *res judicata*, which the Court granted ([Filing No. 21](#)).  Bell now requests that the Court alter, amend, or set aside its Order dismissing the case.  For the following reasons, Bell's Motion to Amend Judgment is **denied**.

**I.   BACKGROUND**

On June 7, 2011, Bell filed a complaint in this Court, Case Number 1:11-cv-0766-TWP-DKL (the "2011 case"), asserting claims for copyright infringement and conversion.  Bell sought and was granted leave to amend his complaint multiple times to add numerous defendants. The initial complaint and each of the amended complaints included the Taylor Defendants as

defendants in the 2011 case. On December 6, 2012, Bell's Third Amended Complaint, naming twenty-two defendants, became the operative pleading in the 2011 case. The original complaint and each of the amended complaints alleged that all of the defendants used without license Bell's copyrighted work, a photograph of the Indianapolis skyline during the daytime ("Indianapolis Photo"), on their respective business websites. Bell photographed the Indianapolis Photo in March 2000 and first published it on the Internet on August 29, 2000. He later published the Indianapolis Photo on www.richbellphotos.com sometime on or after March 15, 2011, where it is available for purchase or license for $200.00. Between April and June 2011, before registering the Indianapolis Photo with the U.S. Copyright Office, Bell discovered the defendants' use of the Indianapolis Photo by conducting an Internet search using the Google Images website. Thereafter, Bell registered the Indianapolis Photo with the U.S. Copyright Office on August 4, 2011.

On May 14, 2013, the Magistrate Judge held a pretrial conference with the parties to discuss the case management deadlines and the prospect of severing misjoined defendants in the 2011 case. The parties agreed that severance was appropriate, and Bell's case against the Taylor Defendants and three other defendants was severed and assigned a new case number—1:13-cv-0798-TWP-DKL (the "2013 case"). The Third Amended Complaint remained the operative pleading in the 2013 case.

During the May 14, 2013 pretrial conference, case management deadlines to direct the litigation were established. The deadline to amend the pleadings was set for July 15, 2013. Eight months after the deadline, on March 12, 2014, Bell filed a motion for leave to file a fourth amended complaint to include allegations of copyright infringement and conversion involving a different photograph, a photograph of the Indianapolis skyline taken by Bell at night (the "Nighttime Photo"). On June 11, 2014, the Court denied Bell's motion to file a fourth amended complaint

because he was not diligent in pursuing his claim involving the Nighttime Photo and caused an undue delay.

On April 7, 2014, before the Court ruled on Bell's motion to file a fourth amended complaint in the 2013 case, Bell initiated a second lawsuit against the Taylor Defendants (and many other defendants), asserting the same claims for copyright infringement and conversion based on both the Indianapolis Photo and the Nighttime Photo. On May 15, 2014, the Magistrate Judge considered the many misjoined defendants in this second action and again, the parties present agreed that severance was appropriate. Therefore, Bell's second lawsuit against the Taylor Defendants was severed and assigned a new case number—1:14-cv-785-TWP-DKL (the "2014 case"), the instant matter.

In the 2013 case, on May 2, 2014, the defendants (including the Taylor Defendants) filed a motion for summary judgment, and on August 26, 2014, the Court entered an order granting summary judgment in favor of the defendants. On September 2, 2014, based on the summary judgment in their favor in the 2013 case, the Taylor Defendants filed a motion to dismiss the 2014 case (this case) on the principle of *res judicata*.

On September 24, 2014, Bell filed a notice of appeal in the 2013 case, appealing the Court's summary judgment order and the order denying leave to file a fourth amended complaint.

On June 12, 2015, the Court granted the Taylor Defendants' motion to dismiss the 2014 case based on the principle of *res judicata* (the "Dismissal Order") ([Filing No. 21](Filing No. 21)).

On July 21, 2015, the Seventh Circuit Court of Appeals issued a Mandate which dismissed the appeal of the 2013 case and remanded the case for lack of appellate jurisdiction, determining that Bell's claims for declaratory and injunctive relief against had not yet been disposed and thus final judgment was premature. Following the remand of the 2013 case, Bell filed the instant

Motion to Amend Judgment, seeking to set aside, alter, or amend the Dismissal Order in the 2014 case, asserting that *res judicata* no longer applied.

## II.  LEGAL STANDARD

A motion to alter or amend a judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The purpose of a motion to alter or amend a judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

### III. DISCUSSION

Bell advances two arguments in his Motion to Amend Judgment in support of his request to set aside, alter, or amend the Court's Dismissal Order. First, Bell claims that *res judicata* only applies in situations where the judgment is final and unappealed. He also asserts that the issue of the Nighttime Photo copyright infringement was not decided in the 2013 case, the first action between Bell and the Taylor Defendants.

The doctrine of *res judicata* bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997); *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 334 (7th Cir. 1992). *Res judicata* bars relitigation of not only those claims actually litigated in a former suit but also any other claims that could have been litigated in the former suit. *Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 779 (7th Cir. 1994). The Seventh Circuit explained that "two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993).

The Supreme Court succinctly provided the purpose of *res judicata*:

> This Court has long recognized that public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties. We have stressed that the doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts . . . .

*Federated Dep't Stores v. Moitie*, 452 U.S. 394, 401 (1981) (citations and quotation marks omitted).

> Turning now to Bell's arguments, he initially and briefly asserts that,
>
> > On June 29, 2015 the Seventh Circuit Court of Appeals in *Bell v. Taylor*, case No. 14-3099, dismissed the Appeal and remanded to this Court because in Cause no. 1:13-cv-798–TWP-DKL, there was no a final judgment. The Court mistakenly had not entered a decision on Bell's claims for injunctive relief. Thus, the third element of res judicata requiring a final judgment in the earlier case is missing and therefore the doctrine of *res judicata* not [sic] applicable to this case. The Court must reverse its ruling.

([Filing No. 32 at 2](#) (emphasis in original).) At the time the Court entered its Dismissal Order in this case, the summary judgment order and a final judgment had been entered in the 2013 case, and the Seventh Circuit had not yet determined that final judgment was premature. The Seventh Circuit remanded the 2013 case because this Court overlooked entering a decision on Bell's request for declaratory and injunctive relief against other defendants. The Court has since addressed this oversight in the 2013 case. Declaratory and injunctive relief has been ruled upon. The summary judgment order granting relief to the Taylor Defendants remains unchanged. Final judgment has now been entered in the 2013 case. Allowing Bell to take advantage of an oversight by the Court would be unfairly prejudicial to the Taylor Defendants, especially when the oversight has been addressed and final judgment now entered.

Next, Bell selectively quotes a portion of one sentence from one United States Supreme Court decision to support his position that a decision can be given *res judicata* effect only if the decision has not been appealed. He states, "In *Federated Department Stores v. Moitie*, 452 U.S. 394, 398 (1981), the U.S. Supreme Court clearly indicates that the doctrine of *res judicata* requires a '. . . final, unappealed judgment on the merits . . .'" ([Filing No. 32 at 2](#)). However, in context with the entire opinion of the Supreme Court and in context with the sentence containing the quoted language, it is clear that the Supreme Court did not lay down a rule that the principle of *res judicata* requires an unappealed judgment. The full sentence from which Bell quotes states, "Nor are the

6

*res judicata* consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981).  The Supreme Court was discussing the consequences of a final, unappealed judgment, not establishing a rule that the judgment could not be given *res judicata* effect if appealed.

In response to this argument, the Taylor Defendants explain that, contrary to Bell's implied contention, there is no rule that automatically voids a decision's *res judicata* effect upon the filing of a notice of appeal; such a rule would "undermine the conclusive character of judgments" as referenced in *Moitie*, citing *Moitie*, 452 U.S. at 398–99 (quoting *Reed v. Allen*, 286 U.S. 191, 201 (1932)).  The Taylor Defendants assert that the rule of law from *Reed* is that as long as a judgment is in full force and effect, it shall be accorded *res judicata* effect.  In support, the Taylor Defendants quote from *Reed*:

> These decisions constitute applications of the general and well settled rule that a judgment, not set aside on appeal or otherwise, is equally effective as an estoppel upon the points decided, whether the decision be right or wrong.  The indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of *res judicata* to avert.

*Reed*, 286 U.S. at 201.

Had the Seventh Circuit set aside on appeal the summary judgment order and the order denying leave to amend the complaint, and had this Court not addressed the oversight in the 2013 case and entered final judgment, a different result would follow.  But the summary judgment order and the order denying leave to amend the complaint are in force, and final judgment has been entered.  On this argument, Bell has failed to show a manifest error of law or fact or present new evidence that would justify setting aside, altering, or amending the Dismissal Order.

Next, Bell asserts that his "Nighttime Photo infringement claim against Taylor was not at issue in Cause no. 1:13-cv-798–TWP-DKL," and "[t]here was no finding whatsoever on Bell's claim for infringement of the night photo claim in Cause No. 1:13-cv-798." ([Filing No. 32 at 3](Filing No. 32 at 3).) However, this ignores the fact that the parties litigated the Nighttime Photo copyright infringement pursuant to Bell's motion for leave to file a fourth amended complaint, the Taylor Defendants' opposing response brief, and Bell's supporting reply brief. The Court denied Bell's request to consider any Nighttime Photo copyright infringement because of undue delay and prejudice. For years, Bell slept on his rights concerning the Nighttime Photo in the 2013 case, which was first filed in 2011. For these reasons, the Court denied Bell's request for leave to amend the complaint for a fourth time.

In the 2013 case, Bell asked the Court to reconsider its order denying leave to amend, and the parties again briefed the issues surrounding the Nighttime Photo copyright infringement. The Court denied Bell's motion to reconsider. In doing so, the issue of the Nighttime Photo copyright infringement was decided by this Court. Bell cannot be permitted to avoid this decision by filing a second action asserting the exact same claim as in the first action that was denied because of his undue delay and the resulting prejudice that would be suffered.

Bell relies on *United Shoe Machinery Corp. v. United States*, 258 U.S. 451, 452 (1922), which posits "two questions [that] must be answered: (1) Was the former judgment rendered on the same cause of action? (2) If not, was some matter litigated in the former suit determinative of a matter in controversy in the second suit?" Even if the Court were to assume the answer to the first question is no, Bell cannot get passed the second question. "Some matter" (whether Bell can bring his claim against the Taylor Defendants for any Nighttime Photo copyright infringement) was litigated in the former suit, which is determinative of a matter in controversy in this second

suit (whether Bell can bring his claim against the Taylor Defendants for any Nighttime Photo copyright infringement).

Bell also points to the Restatement (Second) of Judgments § 27 cmt. d (1982), quoting "When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated. . . ." The issue of whether Bell can bring his claim against the Taylor Defendants for any Nighttime Photo copyright infringement was raised before this Court in the 2013 case, and the Court decided the issue, answering "No."

On this second argument, Bell has failed to show a manifest error of law or fact or present new evidence that would justify setting aside, altering, or amending the Dismissal Order.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff Richard N. Bell's Motion to Alter or Amend Court's Order on Motion to Dismiss of June 12, 2015 (Filing No. 31).

The Court previously ordered a stay of discovery and briefing on the pending Motion for Fees and the pending Motion to Quash (Filing No. 42). The parties are **ORDERED** to submit proposed discovery and briefing schedules on the Motion for Fees and the Motion to Quash within **ten (10) days** of the date of this Order.

**SO ORDERED.**

Date: 12/8/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com

9