UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cv-00785-TWP-DKL |
| ) | |
| CAMERON TAYLOR and ) | |
| TAYLOR COMPUTER SOLUTIONS, ) | |
| ) | |
| Defendants. ) | |

### ORDER ON MOTION TO QUASH AND FIRST MOTION FOR ATTORNEY FEES

This matter is before the Court on Defendants Cameron Taylor and Taylor Computer Solutions' ("Taylor Defendants") First Motion for Attorney Fees ([Filing No. 30](#)) and Motion to Quash Deposition of Counsel ([Filing No. 34](#)). After the Court granted Taylor Defendants' Motion to Dismiss Plaintiff Richard Bell's ("Mr. Bell") Complaint and entered Final Judgment, Taylor Defendants promptly filed their First Motion for Attorney Fees as the prevailing party in a copyright infringement action pursuant to 17 U.S.C. § 505 on June 26, 2015. On July 5, 2015, Mr. Bell filed a Motion to Alter or Amend the Judgment, asking the Court to reverse its ruling on the Motion to Dismiss. On July 14, 2015, Taylor Defendants filed their Motion to Quash Deposition of Counsel, requesting that the Court prohibit Mr. Bell from taking the deposition of Taylor Defendants' counsel and quash the related document request.

Mr. Bell filed motions to stay the First Motion for Attorney Fees and Motion to Quash Deposition of Counsel, pending a resolution on his Motion to Alter or Amend the Judgment, and the Court granted his motions to stay. On December 8, 2015, the Court denied Mr. Bell's Motion to Alter or Amend the Judgment. In its Order, the Court directed the parties to submit proposed discovery and briefing schedules on the pending Motion for Fees and Motion to Quash within ten

days of that Order. (*See* Filing No. 43 at 9.) Mr. Bell failed to submit a proposed discovery and briefing schedule. Taylor Defendants submitted their proposed discovery and briefing schedule on December 18, and the Court adopted the proposed schedule (Filing No. 51).

Mr. Bell was ordered to file a response brief, if any, to the Motion to Quash on or before January 5, 2016, and Taylor Defendants were provided one week to file any reply brief to Mr. Bell's response brief. *Id.*

In the interim, Taylor Defendants filed a Second Motion for Attorney Fees (Filing No. 50), seeking an award for the additional attorney fees that were incurred in defending against Mr. Bell's Motion to Alter or Amend the Judgment.

### A. **Motion to Quash (Filing 34)**

Mr. Bell elected not to file a response brief to Taylor Defendants' Motion to Quash on or before January 5, 2016, and in fact, Mr. Bell has not filed any response to the Motion to Quash. Accordingly, the motion is ripe and the Court is prepared to issue a ruling.

In their Motion to Quash, Taylor Defendants ask the Court to prohibit Mr. Bell from taking the deposition of Taylor Defendants' counsel and to quash the related document request. They explain that it is only in extraordinary circumstances that parties are permitted to depose opposing counsel and only where the information sought is relevant and non-privileged and crucial to preparation of the case. Furthermore, if the information is available through other means, those other means should be utilized. As an initial matter, the Court notes that Taylor Defendants have explained that they offered to provide information to Mr. Bell through interrogatory responses and other means, but Mr. Bell refused these other means to obtain information. Additionally, Taylor Defendants provided to Mr. Bell (and to the Court with their attorney fees requests) the document regarding the attorney fees incurred in this case, which is the subject of the remaining Motions in this matter and the subject of Mr. Bell's desired discovery.

In support of their Motion to Quash, Taylor Defendants point to various rules from the Federal Rules of Civil Procedure. They first note that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Taylor Defendants note that the Rules also allow the Court to limit discovery:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

F.R.C.P. 26(b)(2)(C). Rule 26(b)(1) considers whether the burden or expense of the proposed discovery outweighs its likely benefit. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." F.R.C.P. 26(c)(1).

Taylor Defendants also cite to numerous cases in support of their Motion to Quash Mr. Bell's efforts to depose their counsel. They explain that courts have recognized the potential for abuse in deposing opposing litigation counsel by inviting "delay, disruption of the case, harassment and unnecessary distractions into collateral matters." *Simmons Foods, Inc. v. Willis*, 2000 U.S. Dist. LEXIS 6467, at *7 (D. Kan. 2000). Additionally, case law from multiple jurisdictions hold that a motion for attorney fees does not automatically entitle a party to depose opposing litigation counsel. In *United States Liab. Ins. Co. v. Goldin Metals, Inc.*, 2012 U.S. Dist. LEXIS 4881 (S.D. Miss. Jan. 17, 2012), the court quashed the deposition of opposing litigation counsel, stating that "[a]s a general matter, depositions of opposing counsel are disfavored and should be permitted

only in limited or unusual circumstances." *Id.*; *see also M & R Amusements Corp. v. Blair*, 1992 U.S. Dist. LEXIS 7487, at *4 (N.D. Ill. 1992) ("Deposing an opponent's attorney is a drastic measure. It not only creates a side-show and diverts attention from the merits of the case, its use also has a strong potential for abuse.").

Taylor Defendants explain that there are other means by which Mr. Bell can obtain additional information, which they have offered, and Mr. Bell has rejected. They assert that the information sought is irrelevant to the only remaining issue before the Court—attorney fees. Mr. Bell's demand is an open-ended request to fish for irrelevant materials designed to embarrass, delay, harass, and increase costs. Taylor Defendants point to examples from depositions taken by Mr. Bell that illustrate a pattern of asking questions to embarrass and that are not related to the merits of the case. Taylor Defendants' arguments and case law are well taken, and the Court notes again that Mr. Bell did not respond to the Motion to Quash. Therefore, the Court **GRANTS** Taylor Defendants' Motion to Quash (Filing No. 34).

### B. Motion for Attorney Fees (Filing No. 30)

The Court **VACATES** the First Motion for Attorney Fees Filing No. 30, and incorporates the contents of that Motion into the Second Motion for Attorney Fees, Filing No. 50. The Court will address both requests for attorney fees under Filing No. 50. Mr. Bell is provided **fourteen (14) days** from the date of this Order to file a response to Taylor Defendants' Motion for Attorney Fees.

**SO ORDERED.**

Date: 3/25/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com