**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| RICHARD N. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00785-TWP-DKL |
| ) | |
| CAMERON TAYLOR and ) | |
| TAYLOR COMPUTER SOLUTIONS, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANTS' MOTION FOR
ATTORNEY FEES AND COSTS**

This matter is before the Court on Defendants Cameron Taylor's and Taylor Computer Solutions' (collectively, "Taylor Defendants") Motions for Attorney Fees and Costs and Bill of Costs (Filing No. 29, Filing No. 30, Filing No. 50) pursuant to 17 U.S.C. § 505 of the Copyright Act, 28 U.S.C. § 1927, and Federal Rules of Civil Procedure 54 and 68. Taylor Defendants filed their request for costs and fees after they became the "prevailing party" in this Copyright Act case. For the following reasons, the Court **GRANTS** Taylor Defendants' request for costs and fees.

**I.   BACKGROUND**

On April 7, 2014, Plaintiff Richard Bell ("Bell"), a practicing attorney and professional photographer, filed a complaint in this Court, alleging copyright infringement against numerous defendants, including Taylor Defendants, under case number 1:14-cv-525. One month later, the Court ordered severance of the misjoined defendants, and this case against Taylor Defendants proceeded without the numerous other misjoined defendants under case number 1:14-cv-785 (Filing No. 1). The subject of the alleged infringement was a photograph of the Indianapolis skyline taken at nighttime by Bell ("Indianapolis Nighttime Photo").

Bell had previously filed a complaint against Taylor Defendants and numerous other defendants on June 7, 2011, asserting a claim for copyright infringement of a photograph of the Indianapolis skyline taken during the day by Bell ("Indianapolis Photo") under case number 1:11-cv-766. Following numerous amendments to the complaint and an order to sever misjoined defendants, Bell's Indianapolis Photo copyright lawsuit against Taylor Defendants continued under case number 1:13-cv-798. In that case, Bell sought to amend his complaint a fourth time to add allegations regarding the Indianapolis Nighttime Photo. That request was denied, and judgment was eventually entered against Bell and in favor of Taylor Defendants.

In this action (1:14-cv-785), rather than filing an answer to Bell's Complaint, Taylor Defendants filed a Motion to Dismiss, asserting that *res judicata* barred this action against Taylor Defendants ([Filing No. 16](#)). The basis for their *res judicata* argument was the Court's orders in the 1:13-cv-798 action in favor of Taylor Defendants. The Court granted Taylor Defendants' motion to dismiss, and Bell filed a motion to alter or amend the judgment under Rule 59(e). The Court denied Bell's motion to alter the judgment, and Bell filed an appeal to the Seventh Circuit Court of Appeals. The Seventh Circuit reviewed the Court's orders in this case and the orders in case number 1:13-cv-798 and affirmed this Court's orders in all respects. (Filing No. 56.)

After the Court granted Taylor Defendants' motion to dismiss, Taylor Defendants filed their Bill of Costs and Motion for Attorney Fees ([Filing No. 29](#), [Filing No. 30](#)). The Court denied Bell's motion to alter or amend the judgment, and Taylor Defendants filed their Supplemental Motion for Attorney Fees ([Filing No. 50](#)). As the prevailing party in a copyright action, Taylor Defendants seek their costs and attorney fees pursuant to 17 U.S.C. § 505. They also rely on 28 U.S.C. § 1927 as an additional basis for requesting their costs and fees.

## II. LEGAL STANDARD

Under 17 U.S.C. § 505, in any copyright civil action, the district court in its discretion may allow the recovery of all costs of litigation, including an award of a reasonable attorney's fee as part of those costs, to the prevailing party. A party prevails "when it obtains a 'material alteration of the legal relationship of the parties.'" *Hyperquest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 387 (7th Cir. 2011) (quoting *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008)). "Defendants who defeat a copyright infringement action are entitled to a strong presumption in favor of a grant of fees." *Hyperquest*, 632 F.3d at 387. "When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong." *Assessment Techs. of WI, LLC v. Wire Data, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004); *see also FM Indus. v. Citicorp Credit Servs.*, 614 F.3d 335, 339 (7th Cir. 2010) ("a defendant that prevails in copyright litigation is presumptively entitled to fees under § 505").

The United States Supreme Court noted that in determining whether to exercise its discretion to award costs and fees in a copyright case, district courts should look to a number of nonexclusive factors including: (1) the frivolousness of the action; (2) the losing party's motivation for filing or contesting the action; (3) the objective unreasonableness of the action; and (4) the need to "advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994).

Section 1927 of Title 28 of the United States Code provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and

vexatious," and the attorney may be subject to an attorney fees sanction under 28 U.S.C. § 1927. *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006) (citation and quotation marks omitted).

### III.  DISCUSSION

Taylor Defendants assert that they should be awarded their attorney fees and costs under 17 U.S.C. § 505 because they are the prevailing party and each factor noted in *Fogerty* suggests that such an award is appropriate in this case. Taylor Defendants also assert that an award of attorney fees and costs is warranted under 28 U.S.C. § 1927 because Bell unreasonably and vexatiously increased the costs of this litigation.

**A.    17 U.S.C. § 505 and the *Fogerty* Factors**

When the court considers whether to exercise its statutory discretion to award costs and fees under 17 U.S.C. § 505, the court should consider the frivolousness of the action, the losing party's motivation for filing or contesting the action, the objective unreasonableness of the action, and the need to "advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 535 n.19. The Court now considers each of these factors in turn. The Court also keeps in mind the strong presumption in favor of awarding fees and costs to prevailing defendants in copyright suits.

**1.    The frivolousness of the action.**

Bell brought claims for copyright infringement and state law conversion (theft). The Court previously ruled in the 2013 case that Bell's state law conversion claim was preempted by the Copyright Act and therefore was legally baseless. Regarding Bell's copyright infringement claim, Bell had notice from Taylor Defendants that they had never used or copied the Indianapolis Photo, yet he persisted in his 2013 lawsuit against them. He eventually tried to amend his 2013 complaint

4

a fourth time, well after the deadline, to add the Indianapolis Nighttime Photo. While that motion was pending, Bell filed this lawsuit, alleging copyright infringement of the Indianapolis Photo and the Indianapolis Nighttime Photo. Taylor Defendants moved to dismiss this lawsuit based on *res judicata*, which this Court granted. On appeal, the Seventh Circuit affirmed the Court's decision. At no point in this litigation did Bell possess evidence to prove a conversion or copyright claim against Taylor Defendants for the Indianapolis Photo, and Bell should not have proceeded with a second identical lawsuit against Taylor Defendants when he already had his 2013 lawsuit against them. Therefore, the Court determines that this factor weighs in favor of awarding attorney fees and costs to Taylor Defendants.

### 2. The losing party's motivation for filing or contesting the action.

Considering Bell's motivation for filing this action, the Court finds that Bell's motivation is unsupportable. Bell has filed numerous suits in this Court, each involving the same or similar infringement allegations. In many of these copyright infringement suits, Bell has improperly joined several defendants, thereby saving Bell extensive filing fees. After filing suit, Bell offered quick settlements to defendants who were unwilling to pay for a legal defense. In some of Bell's lawsuits, the district court determined that the misjoined defendants should be severed. Additionally, while Bell's motion to amend his complaint a fourth time was pending in the 2013 case, Bell filed this action to add the Indianapolis Nighttime Photo even though that was the exact allegation at issue in his pending motion to amend. It seems apparent that Bell's motivation for this lawsuit was to "hedge his bets," as Taylor Defendants put it, in the event that the Court denied his request to amend his complaint a fourth time. This resulted in the exact same plaintiff and defendants litigating the exact same claims in the exact same Court in two different actions. This factor also weighs in favor of awarding attorney fees and costs.

5

### 3. The objective unreasonableness of the action.

Bell filed this duplicative lawsuit in an effort to avoid the effects of the forthcoming order of the Court on Bell's motion to file a fourth amended complaint in the 2013 case. There appears to be little to no objective reasonableness of a duplicative lawsuit resulting in the exact same plaintiff and defendants litigating the exact same claims in the exact same Court in two different actions at the same time. This factor weighs in favor of awarding attorney fees and costs.

### 4. The need to "advance considerations of compensation and deterrence."

Taylor Defendants assert that this factor weighs heavily in favor of awarding attorney fees and costs because Bell is using antiquated copyright laws and his legal knowledge as an experienced lawyer to exploit the courts and the legal system against numerous uninformed individuals for quick settlements. This is not the purpose of the Copyright Act; rather, the Copyright Act serves to protect legitimate interests in original works. The Seventh Circuit explained that a defendant is entitled to a "very strong" presumption in favor of being awarded attorney fees in order to make certain that a copyright defendant does not disregard a meritorious defense in situations in which "the cost of vindication exceeds the private benefit to the party." *Assessment Techs.*, 361 F.3d at 437. Awarding fees and costs is appropriate under this additional factor.

### B. Fees Under 28 U.S.C. § 1927

Taylor Defendants assert that 28 U.S.C. § 1927 serves as an additional basis to award attorney fees and costs against Bell. They argue that the entirety of this case constitutes a wasteful misuse of judicial resources because it is a case that clearly never should have been filed. The entire case was a vexatious multiplication of the proceedings between the parties. Bell recklessly created needless costs for both parties and the Court as evidenced by the Court's dismissal of the

action on *res judicata* grounds. The Court determines that it need not reach this additional argument because 17 U.S.C. § 505 provides a sufficient basis to award attorney fees and costs.

C.    **Bell's Opposition**

In response to Taylor Defendants' Motion for Attorney Fees and Costs, Bell reargues the *res judicata* issue resolved by the motion to dismiss and argues that the Court's Order on the motion to quash was incorrect. However, a response brief to a motion for attorney fees is not the vehicle to reargue yet again the issue of *res judicata*. Bell lost on this argument twice in this Court and once in the Seventh Circuit Court of Appeals. Continued reliance on this argument does not help Bell defeat a motion for attorney fees. Concerning Bell's argument about the motion to quash, Bell was provided ample opportunity to respond to Taylor Defendants' motion to quash, and he chose not to respond. Now is not his opportunity to argue the already-resolved motion to quash. In any event, the law and the facts were against Bell on the motion to quash. Relying on an argument about the motion to quash does not help Bell defeat this motion for attorney fees.

Bell additionally argues that the case was on appeal to the Seventh Circuit, so the Court should wait to rule on the Motion for Attorney Fees and Costs, pending a decision from the Seventh Circuit. This argument is now moot because the Seventh Circuit has issued its opinion and mandate, wherein the Court's decision in favor of Taylor Defendants was affirmed in all respects.

Bell argues that Taylor Defendants' counsel did not keep contemporaneous time records and expense reports, and the time summary that was submitted is only a recollection of time spent over a two year period. Bell asserts that, because the summary is a dated recollection of two years of work, the summary is not reliable to provide evidentiary support for an award of attorney fees. Bell points to a handful of cases where courts in this District have denied attorney fees because the attorney failed to keep contemporaneous time records to reliably show the actual work

performed in the case. *See Philbeck v. Colvin*, 2015 U.S. Dist. LEXIS 76068 (S.D. Ind. June 11, 2015); *Williams v. Astrue*, 2011 U.S. Dist. LEXIS 68263 (S.D. Ind. 2011); *Spiegel v. Colvin*, No. 1:14-cv-934-LJM-MJD, Dkt. 29 (S.D. Ind. May 12, 2015); *Taylor v. Colvin*, No. 1:14-cv-469-JMS-MJD, Dkt. 36 (S.D. Ind. Sept. 15, 2015).

Replying to the argument about contemporaneous time records, Taylor Defendants point to a recent unanimous decision from the Supreme Court regarding awarding attorney fees:

> We emphasize, as we have before, that the determination of fees should not result in a second major litigation. The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of the district court's superior understanding of the litigation.

*Fox v. Vice*, 563 U.S. 826, 838 (2011) (citations and quotation marks omitted). Taylor Defendants explain that their counsel John Nelson ("Nelson") recorded his work and the amount of time spent on that work fairly close to the time when such work was performed, not months or years after the fact as Bell suggests. Nelson updated his time sheets throughout the course of the litigation to reflect the work that was actually performed in the case.

The Court acknowledges the decisions in the social security disability fee petition cases cited by Bell. However, the Court notes that each of the cases cited by Bell involves the same attorney who had been admonished numerous times by the courts in this District to keep time records of actual time spent on his separate cases rather than provide nearly identical estimates of his time in all of his cases. After repeated direction from the courts, this attorney was eventually denied his attorney fee requests for failing to follow the courts' direction. Those cases are entirely different from Taylor Defendants' situation in this case. There, counsel used the same time

8

estimates for similar tasks in all his cases rather than provide the time actually spent in each case. There, counsel was repeatedly directed by the courts to provide accurate time sheets of the time worked in the separate cases and, in his later cases, was eventually denied fees for his repeated failure to follow the courts' direction. These facts are not present in Taylor Defendants' case.

The time sheets provided by Taylor Defendants (Filing No. 30-1, Filing No. 50-1) record attorney tasks that accurately coincide with the course of this litigation and the case docket. Based on the Supreme Court's guidance in *Fox*, the distinctions from the social security disability fee petition cases, and the facts noted, the Court determines that Taylor Defendants' time sheets provide a sufficiently reliable foundation of evidence to support an award of attorney fees.

Concerning the total amount of time Nelson spent on this case, Bell asserts that the claimed time of 64.6 hours is excessive because there were no hearings, depositions, or discovery in the case, and the doctrine of *res judicata* is well-established, simple, and easy to apply, so it should not take days of research to prepare a brief to explain and analyze its application. He also asserts that he believes certain tasks could have been completed in less time.

Taylor Defendants reply that if the simple and easy to understand doctrine of *res judicata* is so easy to apply, Bell should have known that it applied to this case, and he never should have filed the case when he already had an identical case against Taylor Defendants—the 2013 matter. The Court and the Seventh Circuit determined that *res judicata* barred this suit.

While there may not have been hearings, depositions, or discovery in this case, Taylor Defendants were required to spend additional time on routine motions such as a motion for an extension of time because Bell opposed the motion. Bell asserts that "3.5 hours to prepare a motion for extension [is] wildly excessive for any motion for extension." (Filing No. 53 at 10.) Yet, Bell fails to accurately represent Taylor Defendants' time sheets, which clearly show that the 3.5 hours

were spent on drafting and filing a "Reply in Support of Motion for Extension of Time" (Filing No. 30-1 at 1), which was a substantive brief as opposed to a routine motion and which would not have been necessary if Bell did not oppose the routine motion that was eventually granted. In this case, Taylor Defendants also opposed Bell's attempt to depose opposing litigation counsel, opposed multiple motions to stay, and opposed Bell's motion to reconsider the dismissal order. Contrary to Bell's portrayal of this case, the case did not involve only one motion to dismiss on a simple issue of *res judicata*. This case spanned more than one year, involved multiple motions, and Taylor Defendants' counsel spent 64.6 hours—the equivalent of less than two weeks of full time work—on this case during a fifteen month time period.

> Attacking the reliability of some of the specific time entries, Bell argues that:
>
> On September 2, 2014, (Dkt. 16), Counsel Nelson stated he "incurred approximately twelve (12) hours of research and drafting in the preparation of this motion to dismiss (including memo)." Yet, in his petition for fees (Dkt. 30-1, p.1-2) Nelson, under oath, swears that as of September 2, 2014, the same day he filed Dkt. 16, Nelson had spent 22 hours on the case; 10 more hours than he informed this Court.

(Filing No. 53 at 10.) However, a review of Taylor Defendants' time sheets show that Nelson spent 14.4 hours on the motion to dismiss, which arguably is approximately 12 hours. Also, the motion to dismiss was not the only work performed in the case up to September 2, 2014. The time sheets show other tasks accounting for 7.6 hours of work. These 7.6 hours of work with the 14.4 hours of work on the motion to dismiss amount to the 22 hours worked on the case through September 2, 2014. There is no inconsistency or misrepresentation as Bell suggests.

Bell additionally argues that "Nelson swears he spent 14 hours preparing a Motion for fees." (Filing No. 53 at 11.) Without support, Bell claims, "[s]ince he did not keep contemporaneous time records, a substantial amount of this time was to recreate what should have been recorded in the first place." *Id.* Bell's suggestion that a substantial amount of the fourteen

10

hours was spent recreating time sheets ignores the fact that the fourteen hours of work included a fifteen-page opening brief with multiple arguments and factors and substantial case law, multiple attachments, and an eleven-page reply brief. This work reasonably could take fourteen hours to complete.

Regarding Nelson's hourly rate in this case, Bell raises the concern of differing hourly rates for this case and the companion case in 1:13-cv-798:

> In the companion case of *Bell v. Taylor, et al*, 1:13-cv-798 TWP-DKL, the Defendants has [sic] filed a fee petition and Counsel Nelson requests $200.00 per hour as his customary hourly rate. (Case 1:13-cv-00798-TWP-DKL, Dkt. 173-1, p.8; 12/16/15). Without any explanation, in this case Nelson raised his customary hourly rate to $250 per hour. The rate should be no higher than $200 per hour as the issues in this case are very simple and not complex.

(Filing No. 53 at 9–10.)

Replying to Bell's concern about the different hourly rates in the two cases, Taylor Defendants explain:

> Based on the[] [case] results, Attorney Nelson's higher hourly rate (i.e. $250 vs. $200 in 2013 case) is wholly justified given (a) the depth of understanding acquired by the undersigned in litigating Case Nos. 1:11-cv-766-TWP ("2011 case") and 1:13-cv-798-TWP ("2013 case") meant zero time spent "getting up to speed"; and (b) the fact that this case was a colossal waste of time for the Court and affected parties alike.

(Filing No. 54 at 6) (emphasis omitted). Taylor Defendants' counsel further asserts that:

> My hourly rate in this matter is $250.00 per hour. Previously, I have billed my clients at the rate of $200 per hour in copyright litigation involving the above-referenced Richard N. Bell ("Bell litigation"). Based on the results obtained in previous Bell litigation, the time demanded, familiarity with the subject matter, and the overall nature of dealing with this plaintiff, I felt an upward adjustment of my prior rate was warranted. Mr. Taylor did not object to this rate increase.

(Filing No. 30-2 at 1.) To support their claim that the $250.00 hourly rate is reasonable, Taylor Defendants point to the median hourly billing rate used by law firms in the Indianapolis market,

the American Intellectual Property Law Association's Economic Survey, and other fee awards in similar copyright infringement cases involving Bell.

The Court notes that a similar attorney fee request has been filed in the "companion case" between Taylor Defendants and Bell under case number 1:13-cv-798. In that fee request, Taylor Defendants submitted time sheets with an hourly rate of $200.00 for Nelson's work. They also submitted a sworn declaration from Nelson that his attorney rate is $200.00 per hour. In case number 1:13-cv-798 where Nelson's hourly rate is $200.00, Taylor Defendants explained that they produced their client fee agreements to Bell and that Bell used those fee agreements as exhibits to depositions. In this case, no fee agreements have been submitted to the Court, and there is no indication that a fee agreement showing a $250.00 hourly rate has been provided to Bell. Without this, there is a lack of adequate evidence that Taylor Defendants agreed to a rate increase in this case from the 2013 case. Though Nelson "felt an upward adjustment of [his] prior rate was warranted[, and ] Taylor did not object to this rate increase," the Court determines that this is not an adequate evidentiary basis for the claimed rate increase.

Additionally, while Taylor Defendants' citations to the median hourly billing rate used by law firms in the Indianapolis market, the American Intellectual Property Law Association's Economic Survey, and other fee awards in similar copyright cases involving Bell are helpful for the Court's determination that an attorney rate of $200.00 and $250.00 per hour are each reasonable in this Indianapolis copyright infringement case, these citations are not helpful in providing evidentiary support for the rate increase from the 2013 case to this case. Therefore, the Court determines that the reasonable and appropriate attorney fee rate in this case is $200.00 per hour for the work performed by Nelson. Taylor Defendants' counsel spent 64.6 hours, a reasonable

amount of time, working on this case. Thus, the reasonable and appropriate award for attorney fees in this case is $12,920.00.

## IV. CONCLUSION

For the foregoing reasons, Taylor Defendants' Motions for Attorney Fees and Costs and Bill of Costs ([Filing No. 29](), [Filing No. 30](), [Filing No. 50]()) are **GRANTED**. Taylor Defendants are awarded attorney fees and costs in the amount of $12,920.00 against Bell.

**SO ORDERED.**

Date: 8/30/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com